UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Barbara Mitko,

                            Plaintiff,                    24-cv-02699-VR

          -against-                                    **ORDER**

The Home Depot, Inc.,

                            Defendant.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

       Plaintiff Mitko commenced this action in July 2023 after she was allegedly injured when she tripped over "a concrete wheel stop parking barrier" while walking through one of Defendant Home Depot's parking lots in December 2022. (ECF No. 6-1 at 3). In May 2025, the parties submitted a series of letters raising a discovery dispute about the scope of Mitko's Rule 30(b)(6) depositions and the documents Mitko sought in connection with them. (ECF Nos. 44, 46–47). Regarding scope, Mitko sought two depositions, one of a store employee familiar with the lighting, construction, and maintenance of the parking lot at issue and one of a corporate representative familiar with Home Depot's general decision to use wheel stop barriers in their parking lots. Mitko also made two document requests in connection with those depositions, one demanding that Home Depot "[p]roduce all documents which refer, relate, or concern Home Depot safety standards in connection with tripping hazards in stores and/or parking lots," and another demanding that Home Depot "[p]rovide

1

all documents which refer, relate, or concern use of wheel stop barriers at the Home Depot parking lots." (ECF No. 44-1 at 3–4).

The Court scheduled a discovery conference to resolve the matter on the record. (ECF No. 45). At the conference, the parties agreed to conduct a fact deposition of Home Depot's employees who were either responsible for, or familiar with, the construction, lighting, and maintenance of the specific Home Depot parking lot where Mitko allegedly injured herself. (ECF No. 48). Mitko was directed to serve a revised notice for a Rule 30(b)(6) deposition that narrowed the scope of the depositions and documents sought in relation to it, and the parties were directed to meet and confer about the revised notice. (*Id.*).

But the parties recently submitted a joint letter stating that the dispute remained unresolved. (ECF No. 51). Copies of the revised notice of deposition, request for production, and Home Depot's responses and objections were attached to the joint letter as exhibits. (ECF Nos. 51-1 to 51-4). After reviewing the letter, its exhibits, and relevant prior filings on the docket, the dispute is resolved as follows:

**(1) <u>Fact depositions about Home Depot parking lot at issue</u>**

    **a.** Home Depot must produce one or more fact witnesses for a deposition to discuss the lighting, construction, and maintenance of the specific Home Depot parking lot at issue.

    **b.** Home Depot has already stated that it is prepared to produce fact witnesses knowledgeable about these issues (ECF No. 51

2

at 1), so this should not be controversial. In fact, the Court understood that the parties would be moving forward with these depositions after the last conference.

**(2) <u>Rule 30(b)(6) deposition</u>**

Mitko's revised Rule 30(b)(6) notice requests an "employee, officer, director, or manager who authorized and/or approved and/or made the decision to use wheel stop barriers in Home Depot parking lots." (ECF No. 51-1). In the parties' joint letter, Mitko refers to this generally as a witness familiar with "the decision making process, approval, authorization, and considerations made by Home Depot management concerning [the] use of wheel stop barriers in Home Depot parking lots." (ECF No. 51 at 4). Either articulation is overbroad, only marginally relevant given the current state of New York law, and not proportional to the needs of the case. At bottom, this is a premises liability case about whether Home Depot should be held liable for Mitko's injuries after she allegedly tripped on a wheel stop barrier in a Home Depot parking lot in Brewster, New York, on December 18, 2022. (ECF No. 6-1 at 2–3). Yet, Mitko seeks broad discovery about decisions to use wheel stop barriers in *all* Home Depot parking lots in general (ECF No. 51 at 5), unbounded by geography or time.

Mitko largely argues that such broad discovery is relevant and necessary, because it may help support her theory that wheel stop barriers pose an

3

unreasonable risk of harm, and that Home Depot management may have said so in a memo or document somewhere. (*Id.*) But much of Mitko's argument relies on speculation about the existence of some "Home Depot[] management team responsible for safety or responsible for construction of parking lots," or some corporate representative who made the decision to use wheel stop barriers in Home Depot parking lots nationwide. (ECF No. 51 at 5). Home Depot seems to suggest that no such person or nationwide policy exists. Even if it did, Mitko's requested discovery is much broader than necessary to figure this out.

The overbreadth and disproportionate nature of Mitko's request is underscored by the marginal relevance of the evidence she seeks. As noted above, Mitko wants to prove that wheel stop barriers pose an unreasonable risk of harm and argues that well-settled New York law is outdated and "based on old standards which frequently evolve." *Id.* Although the Court defers ruling on this issue in the context of a discovery dispute, the headwinds against Mitko's argument make the broad discovery she seeks less relevant and, thus, less proportional to the needs of the case.

Given the above considerations, Home Depot must produce a Rule 30(b)(6) witness (or witnesses) on the following topics:

> a. the decision-making process, approval, authorization, and considerations made by Home Depot management about the use of wheel stop barriers in the specific Home Depot parking lot at issue.

    b. In connection with the 30(b)(6) deposition topics above, Home Depot must produce documents about the decision-making process, approval, authorization, and considerations made by Home Depot management about the use of wheel stop barriers at the specific Home Depot parking lot at issue, including any related safety concerns.

    c. If one or more of the fact witnesses identified above (see point 1) also intend to serve as the 30(b)(6) designees on similar topics, the parties should avoid scheduling multiple depositions of the same witness, if possible.

Although the Court will not allow a 30(b)(6) deposition on the broader topics proposed by Mitko, it will allow Mitko to serve interrogatory requests to help identify what, if any, Home Depot policies or practices exist at the national, regional, or corporate-wide level about the use of wheel-stop barriers. (*See* Point 3, below).

### (3) Plaintiff's Revised RFPs (ECF No. 51-2)

    a. **RFP No. 1** – Home Depot must produce documents responsive to this request, but only those limited to "trip hazards."

    b. **RFP Nos. 2 and 3** – Home Depot is not required to respond to these requests, as they are overbroad, only marginally relevant

5

       to Mitko's claim given the current state of New York law, and not proportional to the needs of the case.

   c. But Mitko may serve interrogatory requests to help identify what, if any, Home Depot policies or practices exist at the national, regional, or corporate-wide level regarding parking lot safety standards, including the use of wheel stop barriers. The relevant time frame for such requests is limited to 2019-2023.

   a. **RFP No. 4** – Mitko must produce documents responsive to this request.

The parties are directed to submit a joint letter, by no later than 8/29/2025, updating the Court on the status of discovery and proposing revised discovery deadlines for the remaining discovery.

**SO ORDERED.**

DATED:    White Plains, New York
              7/24/2025

                                            VICTORIA REZNIK
                                            United States Magistrate Judge